# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
2:08 pm, Jun 22, 2026
JEFFREY P. COLWELL, CLERK

REX A. FREDERICKSON,

Plaintiff,

Case No. 1:26-cv-01997-RTG

v.

**DAVID AYRAUD,**

**BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF LARIMER, COLORADO,**

**CHAD GRAY (also known as Chad Grey),**

**DAVID ARCHBELL,**

**CITY OF FORT COLLINS,**

**JEANNINE S. HAAG,**

**JOHN J. FEYEN,**

**JEFF SWOBODA,**

**ROBERT THAYER, and**

**JOHN DOE DEFENDANTS 1-10,**

**Defendants.**

---

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## PURSUANT TO FED. R. CIV. P. 15(a)(2)

### WITH REQUEST FOR EXPEDITED SCREENING

---

## TABLE OF AUTHORITIES

**Cases**

*Agency Holding Corp. v. Malley-Duff*, 483 U.S. 143 (1987)................................................6

*Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036 (10th Cir. 1980)...................................4

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397 (1997) ....... 7

*Blake v. Dickason*, 997 F.2d 749 (10th Cir. 1993) ....... 3

*Blum v. Yaretsky*, 457 U.S. 991 (1982) ....... 7

*Board of Regents of State Colls. v. Roth*, 408 U.S. 564 (1972) ....... 5

*Boyle v. United States*, 556 U.S. 938 (2009) ....... 8

*Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010) ....... 5, 6, 7

*Foman v. Davis*, 371 U.S. 178 (1962) ....... 3

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989) ....... 8

*Hennigh v. City of Shawnee*, 155 F.3d 1249 (10th Cir. 1998) ....... 5

*Hicks v. City of Watonga*, 942 F.2d 737 (10th Cir. 1991) ....... 4

*Kentucky v. Graham*, 473 U.S. 159 (1985) ....... 6

*Lind v. Aetna Health, Inc.*, 466 F.3d 1195 (10th Cir. 2006) ....... 9

*Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127 (10th Cir. 2023) ....... 7

*Mathews v. Eldridge*, 424 U.S. 319 (1976) ....... 5

*Medical Marijuana Inc. v. Horn*, 604 U.S. ___ (2025) ....... 8

*Minter v. Prime Equip. Co.*, 451 F.3d 1196 (10th Cir. 2006) ....... 3, 9

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ....... 7

*Perry v. Sindermann*, 408 U.S. 593 (1972) ....... 5

*Rotella v. Wood*, 528 U.S. 549 (2000) ....... 4

*Scheidler v. NOW*, 537 U.S. 393 (2003) ....... 8

*Sterlin v. Biomune Systems*, 154 F.3d 1191 (10th Cir. 1998) ....... 4

*Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000) ....... 7

*Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000) ....... 7

*Workman v. Jordan*, 32 F.3d 475 (10th Cir. 1994) ....... 3

**Statutes and Rules**

18 U.S.C. § 1343 (Wire Fraud) ....... 8

18 U.S.C. § 1962(c) (Civil RICO) ....... 8

18 U.S.C. § 1964(c) (Civil RICO treble damages) ....... 8, 10

28 U.S.C. § 1331 (Federal question jurisdiction) ....... 2

28 U.S.C. § 1367(a) (Supplemental jurisdiction) ....... 9

28 U.S.C. § 1915(e)(2)(B) (IFP screening)........................................................1, 2, 9, 10

42 U.S.C. § 1983 (Civil rights)..................................................................passim

42 U.S.C. § 11302 (McKinney-Vento Homeless Assistance Act)....................................5

C.R.S. § 13-21-131 (Colorado Law Enforcement Integrity Act)......................................9

C.R.S. § 13-80-102(1)(g) (Colorado statute of limitations)...............................................3

*Fed. R. Civ. P. 9(b) (Particularity for fraud)*.........................................................................8

*Fed. R. Civ. P. 15(a)(2) (Amendment by leave)*...........................................................1, 3

**Other Authorities**

Colorado Rules of Professional Conduct 3.4(a)...............................................................7

Colorado Rules of Professional Conduct 4.4(a)...............................................................7

Colorado Supreme Court Disciplinary Case No. 26PDJ1..................................................7

U.S. Const. amend. I (Freedom of petition).........................................................................7

U.S. Const. amend. XIV (Due process and equal protection)........................................5, 7

**<u>TABLE OF CONTENTS</u>**

I. INTRODUCTION AND STATEMENT OF RELIEF SOUGHT.................................2

II. THE HARM ALLEGED IS ONGOING — DEFENDANTS REMAIN UNSERVED AND UNRESTRAINED WHILE DAMAGES COMPOUND 3 ...............................................3

III. THE LIBERAL AMENDMENT STANDARD COMPELS LEAVE..........................3

IV. THE SAC CLOSES IDENTIFIED LEGAL VULNERABILITIES...........................4

A. Statute of Limitations and Tolling (Paragraphs 51-A through 51-F)................4

B. Protected Property Interest (Paragraphs 53-A and 52-A).................................5

C. Ayraud Personal Involvement Under Dodds (Paragraph 61-A).......................5

D. Individual Supervisory Liability — Feyen, Swoboda, Haag (Paragraphs 70-A, 70-B, 70-C)............................................................................................................... 6

E. Civil RICO Predicate Act Repairs (Paragraphs 82, 83, 85, 87)........................8

F. New Claim Seven: Colorado Law Enforcement Integrity Act (Paragraphs 88-96) ..................................................................................................................9

V. NO DEFENDANT HAS BEEN SERVED — PREJUDICE IS NONEXISTENT.......9

VI. AMENDMENT IS NOT FUTILE.........................................................................9

VII. REQUEST FOR EXPEDITED SCREENING IN LIEU OF FAC..........................10

CONCLUSION.......................................................................................................10

## I. INTRODUCTION AND STATEMENT OF RELIEF SOUGHT

1. Plaintiff Rex Frederickson, proceeding pro se and in forma pauperis, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file the Second Amended Complaint ("SAC") attached hereto as Exhibit A. Plaintiff seeks three forms of relief: (1) leave to file the SAC as the operative pleading superseding the First Amended Complaint filed May 22, 2026; (2) an order that the Court screen the SAC under 28 U.S.C. Section 1915(e)(2)(B) in lieu of, and without restarting the clock on, the pending Section 1915 review of the First Amended Complaint; and (3) expedited screening given the ongoing and continuing nature of the harm alleged.
2. The SAC does not abandon any claim in the First Amended Complaint. It strengthens those claims by closing identified legal vulnerabilities, adds specificity required by Rule 9(b) for the civil RICO predicate acts, establishes individual supervisory liability showings for Defendants Feyen, Swoboda, and Haag under Dodds v. Richardson, 614 F.3d 1185 (10th Cir. 2010), adds a new Claim Seven under the Colorado Law Enforcement Integrity Act, C.R.S. Section 13-21-131, and adds a comprehensive timeliness and tolling section addressing the most common grounds for sua sponte dismissal under Section 1915(e)(2)(B). No defendant has been served. No scheduling order exists. Leave should be freely granted.

## II. THE HARM ALLEGED IS ONGOING — DEFENDANTS REMAIN UNSERVED AND UNRESTRAINED WHILE DAMAGES COMPOUND

3. The constitutional violations alleged in this action have caused harm that did not end when the most recent overt acts occurred. Plaintiff's damages compound daily. The loss of stable housing across three separate properties, the geographic displacement to Wellington more than twenty miles from meaningful employment, the destruction of Plaintiff's economic livelihood, the reputational harm from publicly distributed false and misleading video content, and the psychological harm from years of armed confrontations and surveillance — none of these injuries have been remediated. They worsen with each passing month in which no relief is available.
4. Equally important, no defendant has received notice of this action. No defendant has been served. No injunctive order, no restraining order, and no scheduling order is in place. Defendants Thayer and Archbell remain free to resume the pattern of armed confrontations, surveillance, filming, and residential targeting described in this complaint at any moment, with no legal notice that doing so would constitute contempt or violation of any court order. Defendant Ayraud remains in his position as Deputy County Attorney with uninterrupted control over county communications. Defendant Grey remains employed as Larimer County Building and Code Compliance Coordinator with the same official authority he used to coerce Plaintiff's landlords. The structural conditions that enabled the conduct alleged in this complaint remain entirely intact.
5. Plaintiff is not seeking to delay proceedings. Plaintiff is seeking to accelerate them. The targeted improvements in the SAC are designed to eliminate vulnerabilities that could cause screening dismissal, thereby avoiding the far greater delay of a dismissal and a subsequent amendment cycle. Screening the stronger SAC now, without restarting the Section 1915 review clock, serves both judicial economy and the urgent interests of a

plaintiff whose damages continue to compound while this case awaits review and while defendants remain free to act.

## III. THE LIBERAL AMENDMENT STANDARD COMPELS LEAVE

6. Rule 15(a)(2) directs that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has made clear that this mandate "is to be heeded" and that leave should be denied only upon a showing of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). None of those factors is present here.
7. This case is in its earliest stages. Section 1915 screening of the First Amended Complaint is not yet complete. No defendant has been served. There is no scheduling order, no discovery, and no deadline to amend. The Tenth Circuit has held that prejudice to the opposing party is the most important factor in the Rule 15(a)(2) analysis. Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006). Where defendants have not appeared, have not been served, and have prepared no defense, prejudice is not merely reduced — it is nonexistent.
8. There is no undue delay. The SAC was prepared promptly after identifying specific legal vulnerabilities in the First Amended Complaint, including the absence of a timeliness and tolling section, the absence of Rule 9(b) particularity in the civil RICO predicate acts, and the absence of individual Dodds showings for supervisory defendants. There is no bad faith. The SAC strengthens existing claims rather than abandoning or replacing them. The applicable statute of limitations for Section 1983 claims in Colorado is two years under Colo. Rev. Stat. Section 13-80-102(1)(g). See Blake v. Dickason, 997 F.2d 749, 750-51

(10th Cir. 1993); Workman v. Jordan, 32 F.3d 475, 482 (10th Cir. 1994). The SAC addresses this directly.

## IV. THE SAC CLOSES IDENTIFIED LEGAL VULNERABILITIES AND STRENGTHENS EXISTING CLAIMS

9. The SAC makes the following targeted improvements, each referenced by the specific paragraph number added or modified:

### A. Statute of Limitations and Tolling (Paragraphs 51-A through 51-F)

10. The SAC adds a six-paragraph timeliness block addressing the most common ground for sua sponte dismissal under Section 1915. These paragraphs establish five independent bases for timeliness: (1) the continuing violation doctrine, covering Grey's housing interference from approximately 2020 through January 2022 and Thayer and Archbell's harassment through July 2025, with each successive act of coercion at a new property constituting a fresh violation, see Hicks v. City of Watonga, 942 F.2d 737, 745 (10th Cir. 1991); (2) equitable tolling based on Plaintiff's inability to discover Defendant Ayraud's role in the retaliatory enterprise until Thayer publicly named him by full name on video in July 2025, see Sterlin v. Biomune Systems, 154 F.3d 1191, 1201 (10th Cir. 1998); (3) fraudulent concealment tolling based on Ayraud's implausible claim of ignorance of a contractor he allegedly extended through 2030, combined with the simultaneous public retraction by Thayer within the same hour of Plaintiff's private inquiry, a sequence with no innocent explanation, see Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1042 (10th Cir. 1980); (4) specific timely acts occurring within two years of filing, including Defendant Grey's December 9, 2020 enforcement notice to landlord

Connie Ackelson at the Willox Lane property during the active federal COVID-19 eviction moratorium, an act admitted by Defendants under Rule 11 in Case No. 1:22-cv-00262, Document 44, filed June 6, 2022; and (5) the separate four-year civil RICO limitations period under Agency Holding Corp. v. Malley-Duff, 483 U.S. 143 (1987), subject to the discovery rule of Rotella v. Wood, 528 U.S. 549 (2000).

**B. Protected Property Interest (Paragraphs 53-A and 52-A)**

11. The SAC adds paragraphs establishing Plaintiff's protected property interest under the Fourteenth Amendment, directly answering the argument raised by Defendant Ayraud in prior federal litigation that Plaintiff lacked a cognizable property interest. A protected property interest in occupancy may arise from informal or implied understandings without formal title or written lease. Perry v. Sindermann, 408 U.S. 593, 601-02 (1972); Board of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). Plaintiff's landlord Jack Gilmore confirmed in writing to Defendant Grey that "there is an existing lease," Plaintiff "is an occupant," and "there is no violation here." That written confirmation, preserved in a public complaint to Larimer County Commissioner Kefalas dated March 28, 2022, constitutes independent third-party corroboration of the protected interest. The SAC further incorporates the McKinney-Vento Homeless Assistance Act, 42 U.S.C. Section 11302, which recognizes cognizable federal housing interests in non-traditional accommodations including motels, converted structures, and agricultural housing arrangements, each of which corresponds to one of the three properties at issue. The absence of any formal process in Grey's conduct, see Mathews v. Eldridge, 424 U.S. 319, 333 (1976), is itself evidence that no legitimate code enforcement basis existed. See also Hennigh v. City of Shawnee, 155 F.3d 1249, 1253-54 (10th Cir. 1998).

**C. Ayraud Personal Involvement Under Dodds (Paragraph 61-A)**

12. The SAC adds a paragraph establishing Defendant Ayraud's personal involvement in the retaliatory pattern under the three-part affirmative link standard of Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010). Personal involvement is established through Ayraud's assumption of exclusive control over all county communications with Plaintiff after receiving formal pre-filing notice of his personal conflict. The causal link is established through his routing control preventing any neutral county official from responding to Plaintiff's reports. The culpable state of mind is established through his post-notice refusal to recuse, his implausible claim of ignorance of a contractor he allegedly extended through 2030, and the simultaneous retraction by Thayer within the same hour of Plaintiff's private inquiry. Ayraud's service on the Colorado Supreme Court's Rules of Juvenile Procedure Revision Committee from May 2015 through April 2018 and his appearances before the Tenth Circuit and Colorado Supreme Court on behalf of Larimer County establish that his conduct reflects sophisticated and knowing choices, not inadvertence. His institutional role as Deputy County Attorney gives him direct access to county contract records, making his claimed ignorance of Thayer's county relationship implausible on its face.

**D. Individual Supervisory Liability for Feyen, Swoboda, and Haag (Paragraphs 70-A, 70-B, and 70-C)**

13. The SAC adds three paragraphs establishing individual supervisory liability for Defendants Feyen, Swoboda, and Haag, with the Dodds three-part showing stated explicitly for each. Defendant Feyen's liability is grounded in his career spanning both Fort Collins Police Services as Assistant Chief under Swoboda from 2019 through 2022

and LCSO as Sheriff from January 10, 2023 forward, giving him actual or constructive knowledge of the non-response pattern from both agencies across the entire relevant period. The Reynolds censure in Case No. 26PDJ1, a January 8, 2026 Colorado Supreme Court public disciplinary order finding that a Larimer County attorney knowingly violated Colorado Rules of Professional Conduct 3.4(a) and 4.4(a) in a matter involving evidence related to Feyen, establishes the culpable state of mind and institutional pattern. Defendant Swoboda's liability is grounded in his command authority over FCPD during a three-year period in which not a single report by Plaintiff about armed confrontations resulted in any investigation, contact with identified subjects, or protective action. Defendant Haag's official capacity liability under Kentucky v. Graham, 473 U.S. 159 (1985), is grounded in her failure as County Attorney to require Ayraud's reassignment after his personal conflict was formally disclosed, constituting ratification at the supervisory level of the institutional conduct described in Claim Four. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-94 (1978); Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403-07 (1997); Lucas v. Turn Key Health Clinics, LLC, 58 F.4th 1127, 1145 (10th Cir. 2023).

**E. Civil RICO Predicate Act Repairs (Paragraphs 82, 83, 85, and 87)**

14. The SAC restructures the civil RICO count under 18 U.S.C. Sections 1962(c) and 1964(c) to eliminate the Hobbs Act extortion predicate that was vulnerable under Scheidler v. NOW, 537 U.S. 393 (2003), replacing it with a wire fraud theory under 18 U.S.C. Section 1343 that does not require the obtaining of property. Predicate Act 1 against Defendant Grey identifies his materially false representations about official authority he did not lawfully possess, including threats of demolition and fines exceeding

$10,000 that could only be imposed through formal Board of County Commissioners proceedings, corroborated by the Gilmore public complaint to Commissioner Kefalas on March 28, 2022. Predicate Act 2 against Defendant Ayraud satisfies the particularity requirements of Federal Rule of Civil Procedure 9(b) by identifying: (1) the specific speaker, Ayraud; (2) the specific medium, official county email systems in interstate commerce; (3) the specific time, 2025; (4) the specific false statement, his claimed inability to identify Thayer's county relationship; and (5) the specific reason the statement was false, because if Ayraud personally extended Thayer's contracts through 2030 as publicly claimed, he would have direct institutional knowledge of that relationship, and the simultaneous public retraction by Thayer within the same hour of Plaintiff's private inquiry has no innocent explanation. See Boyle v. United States, 556 U.S. 938 (2009); H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989). The RICO damages paragraph now explicitly states that Plaintiff's emotional distress and reputational harm are not asserted as RICO injuries, consistent with Medical Marijuana Inc. v. Horn, 604 U.S. ___ (2025), with RICO recovery limited to loss of housing, relocation costs, damage to personal property, and lost income and economic opportunities.

**F. New Claim Seven: Colorado Law Enforcement Integrity Act (Paragraphs 88-96)**

15. The SAC adds a new Claim Seven under C.R.S. Section 13-21-131, the Colorado Law Enforcement Integrity Act, enacted as Senate Bill 20-217, against Defendants Feyen, Swoboda, and John Does 1-10 in their individual capacities. This Court has supplemental jurisdiction over this claim under 28 U.S.C. Section 1367(a) because it arises from the identical nucleus of operative facts already before the Court, specifically the three-year pattern of non-response by FCPD and LCSO to Plaintiff's reports of armed

confrontations, surveillance, and residential targeting. By the plain text of C.R.S. Section 13-21-131(1)(b), qualified immunity is not available as a defense to this claim. This claim adds an independent state statutory basis for relief against peace officer defendants without creating any Heck v. Humphrey concerns, as it is based entirely on the pattern of non-response predating any pending state criminal proceeding and contains no reference to the substance or outcome of any such proceeding.

## V. NO DEFENDANT HAS BEEN SERVED — PREJUDICE IS NONEXISTENT

16. Section 1915 screening has not been completed and no defendant has been served in this action. Under these circumstances prejudice to defendants is not merely low — it is nonexistent. No defendant has retained counsel in this matter, prepared a defense, conducted discovery, or relied on the First Amended Complaint as the operative pleading in any way. The Tenth Circuit has recognized that the absence of service and the absence of a scheduling order weigh heavily in favor of amendment because the core rationale for denying leave, protecting a defendant who has prepared a defense in reliance on the existing pleading, is entirely absent. Minter, 451 F.3d at 1204. Granting leave now allows the Court to conduct a single Section 1915(e)(2)(B) screening pass on all seven claims in one operative document, which serves judicial economy. Every claim in the SAC arises from the same nucleus of operative facts already presented in the First Amended Complaint. No new defendants are added. No new case theory is introduced.

## VI. AMENDMENT IS NOT FUTILE

17. A proposed amendment is futile only if it could not survive a motion to dismiss under Rule 12(b)(6). Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006).

The SAC addresses each identified vulnerability in the First Amended Complaint rather than papering over it. The timeliness block preemptively addresses the most common Section 1915 dismissal ground with five independent theories. The supervisory liability paragraphs now satisfy all three Dodds elements for each individual defendant. The RICO predicates now satisfy Rule 9(b) with specific identification of the speaker, the medium, the time, the content of the false statement, and the basis for its falsity. The LEIA Claim Seven is facially valid under a statute whose private right of action and qualified immunity bar appear in its plain text. None of the seven claims in the SAC is frivolous, malicious, or legally futile. Amendment should be permitted. Foman, 371 U.S. at 182; Minter, 451 F.3d at 1204.

## VII. REQUEST FOR EXPEDITED SCREENING OF SAC IN LIEU OF FAC

18. Plaintiff respectfully requests that the Court screen the Second Amended Complaint as the operative pleading in lieu of the First Amended Complaint, which Plaintiff hereby supersedes, and that such screening proceed without restarting the Section 1915 review period from zero. The First Amended Complaint was filed May 22, 2026. Section 1915 screening is understood to be in its final stages. The SAC is a targeted improvement of the First Amended Complaint, not a wholesale revision, that presents the same defendants, the same core facts, and the same essential claims in a legally stronger form. Requiring Plaintiff to wait for an additional full screening period on the SAC would impose real harm: each additional month of delay is another month in which Plaintiff's compounding damages continue to grow while defendants remain unserved and unrestrained.

19. In the alternative, if the Court determines it must restart the screening clock on the SAC, Plaintiff respectfully requests that screening be placed on an expedited track given: (1) the ongoing and compounding nature of the harm; (2) the fact that the SAC presents no wholly new claims or defendants requiring fresh analysis, with the exception of the LEIA Claim Seven which arises from facts already before the Court; and (3) the practical reality that Plaintiff, proceeding pro se with limited resources, has no other avenue for relief while this case awaits service.

20. Plaintiff further notes that 28 U.S.C. Section 1915(e)(2)(B) requires screening but does not mandate that every amendment restart that process in full where the amendment is targeted and non-wholesale. Screening the SAC in lieu of the FAC rather than in addition to it is consistent with both the statute and judicial economy.

**CONCLUSION**

21. For the foregoing reasons, Plaintiff Rex Frederickson respectfully requests that the Court: (1) grant leave to file the Second Amended Complaint attached as Exhibit A; (2) designate the Second Amended Complaint as the operative pleading in lieu of the First Amended Complaint; (3) screen the Second Amended Complaint under 28 U.S.C. Section 1915(e)(2)(B) without restarting the review period, or in the alternative on an expedited basis; and (4) grant such other and further relief as the Court deems just and proper.

22. Because no defendant has been served and no scheduling order is in place, this motion may be decided without a hearing.

Respectfully submitted,
**Rex Frederickson**

Pro Se Plaintiff
12908 Palomino Place
Wellington, CO 80549
(970) 744-8175
wickeddevelopment@yahoo.com
Date: June 20, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2026, I filed the foregoing Plaintiff's Motion for Leave to File Second Amended Complaint and the proposed Second Amended Complaint (Exhibit A) with the Clerk of the United States District Court for the District of Colorado via electronic submission to the Court's designated filing address. Because no defendants have been served in this action pursuant to 28 U.S.C. Section 1915(d), no service upon opposing counsel is required at this time. Upon completion of Section 1915 screening and court-directed service of process, Plaintiff will serve all subsequent filings upon all defendants in accordance with the Federal Rules of Civil Procedure.

**Rex Frederickson** 

Pro Se Plaintiff